WILLIAM W. FRANCIS, JR., P.J.
Christopher L. Schuler ("Schuler"), appeals his conviction of the class A misdemeanor *158 of sexual abuse in the second degree. Finding no merit to Schuler's point, we affirm the judgment of the trial court.
Factual and Procedural History
On October 9, 2015, Schuler walked behind a stranger ("Victim") at Walmart and grabbed her genitals.[1] Victim immediately reported the assault to nearby Walmart employees. They "shrugged their shoulders," stating "shoplifting" was the only offense warranting their intervention.
Undeterred, Victim confronted Schuler on her own and demanded an explanation. Schuler falsely "den[ied] that anything occurred[.]" Victim followed Schuler as he made his way to the exit. On the way, he "yell[ed] for security," loudly claiming that Victim was "harassing him." This drew the attention of Walmart security personnel, who arrived just in time to "see [Schuler] leaving." Schuler did not stop to speak with them, and they did not hamper his departure.
The proper authorities were subsequently contacted, and Schuler was identified as Victim's perpetrator. On May 4, 2016, Schuler was charged by information with the class A misdemeanor of sexual abuse in the second degree.[2]
A bench trial commenced on June 28, 2017. Schuler did not testify. After the close of the evidence, the trial court took the matter under advisement. On July 26, 2017, the trial court found Schuler guilty of the crime charged. At the sentencing hearing on August 15, 2017, the trial court sentenced Schuler to 365 days in the Greene County Jail, with credit for 262 days served.
This appeal followed. Schuler argues that there was insufficient evidence to support his conviction, because even though Schuler grabbed Victim's genitals, he asserts it was not proven to be for the purpose of arousing or gratifying his sexual desire, pursuant to section 566.010.[3]
Standard of Review
To determine whether the evidence presented was sufficient to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but, rather, accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidence and inferences. This Court's review is limited to determining whether there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. This is not an assessment of whether this Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. In reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court does not act as a super juror with veto powers but gives great deference to the trier of fact.
State v. Naylor , 510 S.W.3d 855, 858-59 (Mo. banc 2017) (internal quotations and citations omitted).
*159 Analysis
Schuler argues that the evidence was insufficient to demonstrate that he "touched [Victim] for the purpose of arousing or gratifying his sexual desire."
Section 566.101.1 states: "A person commits the offense of sexual abuse in the second degree if he or she purposefully subjects another person to sexual contact without that person's consent." "Sexual contact" is defined as "any touching ... of the genitals or anus of any person, or the breast of any female person, or such touching through the clothing, for the purpose of arousing or gratifying the sexual desire of any person[.]" § 566.010(3).
The Eastern District of this Court has indicated that:
Because direct evidence of a defendant's intent is rarely available, the State most often proves intent through circumstantial evidence. In assessing whether a defendant touched another for the purpose of arousing or gratifying the sexual desire of any person, a jury may infer intent from the surrounding circumstances or from the sexual nature of the act itself.
State v. Ganzorig , 533 S.W.3d 824, 830 (Mo. App. E.D. 2017). As relevant here, the Ganzorig court held that "[t]ouching a woman's vagina is an inherently sexual act, which can alone serve as evidence of Defendant's intent to arouse or gratify either his or her sexual desire." Id. Schuler was not a doctor performing a medical exam-he was a man who went to a Walmart, approached a female stranger from behind, and intentionally grabbed her genitals without her consent. When challenged by Victim, Schuler lied about it. While absconding from the scene, Schuler tried to discredit Victim by loudly calling for security. Security personnel arrived, but Schuler fled without talking to them. See State v. Hooper , 552 S.W.3d 123, 137 (Mo. App. S.D. 2018) (the factfinder "may draw inferences as to a defendant's intentions and motives from the defendant's conduct before the act, during the act, and after the act.") (internal quotation and citation omitted). The evidence, and its reasonable available inferences, warranted the conclusion that Schuler grabbed Victim's genitals for the purpose of arousing or gratifying his own sexual desire. See section 566.010(3). The trial court did not err in so finding. Schuler's point is denied. The judgment of the trial court is affirmed.
DANIEL E. SCOTT, J. - CONCURS
MARY W. SHEFFIELD, J. - CONCURS

Walmart security cameras recorded the incident, and the State introduced the corresponding footage at trial.

References to section 566.101 is to RSMo Cum.Supp. 2013.

References to section 566.010 is to RSMo Cum.Supp. 2006.